■ GEORGE GILLIGAN, Respondent, v. FARMERS COOPERATIVE MARKETING ASSOCIATION, INC., et al., Appellants, et al., Defendants.— In a negligence action to recover damages for personal injury, the defendants Farmers Cooperative Marketing Association, Inc., and Leonard C. Woody appeal from an order of the Supreme Court, Suffolk County, entered August 13, 1964, which, pursuant to statute (CPLR 3216): (1) granted their motion to dismiss the complaint for lack of prosecution — such motion being granted solely as to the defendant Farmers, without prejudice to a motion by plaintiff to vacate the dismissal on sufficient papers; (2) severed the action as to said defendant; and (3) in effect denied the motion as to the defendant Woody. Order affirmed, without costs. As to the defendant Woody, the motion was properly denied in view of the fact that the joint amended notice of motion of said defendant and defendant Farmers was not served until two days after the return date of the original motion by the defendant Farmers alone. As to the defendant Farmers, however, assuming that there was an unreasonable delay by plaintiff in the prosecution of his action, the motion to dismiss should nevertheless have been denied unconditionally. Recognition should be given to the intent of the Legislature as expressed in its amendment of CPLR 3216, effective September 1, 1964, in view of the merit to plaintiff's cause of action (Schmorak v. Edward F. Hickey, Inc., 21 A D 2d 857; Bailey v. Schaeffner, 21 A D 2d 877). But this court is not presently in a position to give plaintiff any relief since plaintiff has not served or filed a notice of appeal. Plaintiff therefore must now seek relief by a new motion to vacate the dismissal, as permitted by the order. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ THOMAS P. IMBESE, Respondent, v. FIRST NATIONAL STORES, INC., Appellant.— In an action to recover damages for personal injury, the defendant appeals from a judgment of the Supreme Court, Putnam County, entered October 22, 1964 after trial, upon a jury's verdict in the plaintiff's favor. Judgment affirmed, with costs. Plaintiff, while a customer in defendant's store, was injured when he slipped and fell on vegetables and other refuse. The accident occurred between two counters in front of which was a carton, leaving only two or three feet in which plaintiff was able to walk. On this appeal, defendant's sole contention is that the plaintiff was guilty of contributory negligence as a matter of law. Under the circumstances here, it is our opinion that whether the plaintiff was contributorily negligent was an issue of fact which was properly submitted to the jury (Cesario v. Chiapparine, 21 A D 2d 272, 275–276). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.